**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**SCOTTY WAYNE FOSTER and**                                            **PLAINTIFFS**
**LINDA FOSTER**

**v.**                              **NO. 4:06-CV-00523 GTE**

**CITY OF NEWPORT; BILL CHILDERS,
individually and in his capacity as a Police
Officer; DANIEL RILEY, Individually
and in his Capacity as a Police Officer,
jointly and severally**                                                   **DEFENDANTS**

## ORDER OF DISMISSAL

Before the Court is Plaintiffs' Motion for Voluntary Dismissal. Defendants do not object to the requested dismissal, but have requested that the Court condition the dismissal on the imposition of duplicative costs in the event this matter is refiled.

On May 5, 2006, Plaintiffs filed this civil rights action alleging claims pursuant to 42 U.S.C. § 1983 and the Arkansas Constitution. Defendants have answered. While written discovery has been exchanged, no depositions have been taken in this matter.

"Motions to dismiss without prejudice are addressed to the sound discretion of the district courts." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). In *Kern*, the court concluded that the district court abused its discretion in not imposing any conditions regarding costs and attorney fees where the voluntary dismissal occurred after the trial had already started. *Id.*, at 972. However, the court also noted that the district court has discretion to determine whether an award of costs and/or attorney's fees is proper, suggesting that the omission of any condition in not necessarily an abuse of discretion. *Id*.

An important factor to consider in determining whether to attach a condition to a requested voluntary dismissal is the point to which the case has progressed and the time and effort invested by the parties. *Id*. Here, the requested dismissal has been requested relatively early in the progression of the case, and prior to any depositions having been taken. Under these circumstances, the Court finds it inappropriate to condition the dismissal on the payment of any of the Defendants' attorney's fees in the event the matter is refiled.

The Court imposes one and only one condition on the requested dismissal. In the event this matter is refiled, then Plaintiff shall reimburse Defendants for any duplicative expenses (excluding attorney's fees), that is any expense that will have to be incurred twice as a result of the case being refiled. Because the Plaintiffs do not have to agree to a dismissal on this condition, they shall be given ten days to withdraw their request for a voluntary dismissal.

## CONCLUSION

After weighing the equities,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Dismiss (Docket No. 7) be, and it is hereby, GRANTED. Plaintiffs' Complaint is hereby DISMISSED WITHOUT PREJUDICE. The dismissal is conditioned upon the Plaintiffs' payment of duplicative costs or expenses, if any, in the event this case is refiled. If this case is refiled in federal court, then the payment of duplicative costs established by Defendants shall be required before the action is permitted to proceed. If this case is refiled in state court, then the Defendants may apply in this court for a judgment and, upon a proper showing, the Court will forthwith enter judgment against Plaintiffs for any duplicative costs.

IT IS FURTHER ORDERED THAT Plaintiffs' shall have ten days hereafter to withdraw their motion, in which circumstance this Order will be vacated, and the case will be reinstated on

the docket with the presently scheduled trial date and other deadlines.

      IT IS SO ORDERED this   8th   day of December, 2006.

                                     /s/Garnett Thomas Eisele
                                     UNITED STATES DISTRICT JUDGE